IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DEMARAY LLC,** | § § § | |
| **Plaintiff** | § § | |
| v. | § § | NO. 6:20-cv-636-ADA |
| **SAMSUNG ELECTRONICS CO., LTD (A KOREAN COMPANY), SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR LLC,** | § § § § § § § § | JURY TRIAL DEMANDED |
| **Defendants.** | § § § | |

## DISCOVERY ORDER

WHEREAS, on April 1, 2022, the Court heard Demaray LLC's ("Demaray") motion to compel: (1) production of documents sufficient for Demaray to evaluate the presence of any filter circuitry in certain components of the non-Cirrus Applied systems at issue, in certain components of the LAM system at issue, and in certain components of the other non-Applied system at issue; (2) inspection of the non-Cirrus Applied systems at issue and certain components thereof, inspection of the LAM system at issue and certain components thereof, and inspection of the other non-Applied system at issue and certain components thereof; or if (1) or (2) are not provided, (3) for an adverse inference that Samsung uses the claimed narrow band rejection filter in the non-Cirrus Applied systems at issue, the LAM system at issue and the other non-Applied system at issue, as further detailed in the parties' joint submission, and the Court ruled as follows:

1. Samsung will make available for deposition for up to 3 hours of a corporate representative on Samsung's knowledge regarding the relevant configuration of the LAM systems at issue, including regarding the DC power supply to the target, components between the DC power

supply and the source assembly, and the source assembly, including the presence of a narrow band rejection filter or alternative protective mechanism.

2. The Court denied Demaray all other requested relief with regard to Samsung.

To provide further guidance to the parties, the Court takes this opportunity to clarify that it denied all other relief because it finds that Defendants provided a proportional amount of discovery under Rule 26 after balancing the great importance of this discovery to the plaintiff against the heavy burden of the discovery on the defendant, in view of the less burdensome avenues of discovery otherwise available, and in view of the continually diminishing likelihood that additional discovery will reveal new information beyond the great amount of discovery already provided.

**IT IS SO ORDERED.**

SIGNED this 8th day of April, 2022.

By: _____
HON. ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE