IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DEMARAY LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 6:20-cv-636-ADA |
| | § | JUDGE ALBRIGHT |
| SAMSUNG ELECTRONICS CO., LTD (A KOREAN COMPANY), SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR LLC, | § § § § § § | |
| Defendants. | § | |

PUBLIC VERSION OF

<u>SEALED ORDER</u>

Plaintiff seeks an order compelling Samsung to provide certain information relating to its use of the Applied Materials ▮▮▮ chambers for depositing ▮▮▮▮▮▮▮▮▮▮. Samsung opposes Plaintiff's request. On September 2, 2022, the parties submitted a discovery dispute chart with their respective positions and requested relief, which is reproduced below.

| Issue | Demaray's Position | Samsung's Position |
|---|---|---|
| Motion to Compel Samsung To Produce Discovery On All of the ▮▮▮ | Samsung improperly seeks to withhold information regarding its use of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ have been central to this case since February 2022, when Demaray confirmed through ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Demaray's request for discovery concerning Samsung's use of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should be denied. Demaray untimely seeks discovery after Final Infringement Contentions on products it represented multiple times, including to the Court, were not at issue. Moreover, Demaray has no good cause for requesting discovery on products disclosed 15 months ago, which would be highly prejudicial to Samsung. |

■ and thus chambers for all such layers are at issue.

Samsung, however, asserted in interrogatory responses that the ■ ■ Samsung therefore limited its identified use of ■

In the last few weeks, Samsung produced ■ Those materials revealed that, contrary to Samsung's representations, ■ Demaray promptly requested disclosures regarding Samsung's use of ■ Samsung refuses to even identify such uses, let alone provide discovery about them.

■ are indisputably accused, and Demaray's Final Infringement Contentions specifically identify ■ Demaray also explained that Samsung ■ FICs ('657) at 4. Demaray has now confirmed that ■

Samsung tries to excuse hiding its full use of ■

*First,* the requested discovery is irrelevant and burdensome: ■ Rather, Demaray repeatedly confirmed the accused products ■ Indeed, Demaray represented to the Court that ■ 9/27/2021 Tr. 36:14-19, 34:23-35:1. Demaray puts the cart before the horse by seeking discovery on unaccused products without seeking leave to add them (which it could not obtain).

*Second*, Demaray has not been diligent:

Far from "hiding" its use of ■ ■, Samsung disclosed them in its **December 2020** interrogatory responses. *See* Samsung's Resp. to Transfer Interrogatory No. 1 & Ex. B.

In **February–May 2021**, Samsung and Applied Materials produced technical information ■ the same information that Demaray now— *over 15 months later*—bases its requests to expand the scope of discovery.

███████████████. But, Samsung has never articulated the details of this argument, let alone revealed that Samsung was using it to withhold discovery. Demaray disagrees with Samsung's unsupported argument, which ignores ███████████ ███████████████████ Some claims merely require "coupling" in this regard, and the patents explicitly teach capacitive coupling through plasma ('276 col. 5:26-27).

Samsung argues that it disclosed details ███████████████████████ ███████████████. But Samsung did not disclose details of the █████ ███████████████████████ ███████████████████████ ███████████ This information just came to light.

By hiding its use of ███████████ ███████████ and blocking related disclosures based on a contested apparent non-infringement position, Samsung is effectively pushing for summary judgment of non-infringement by means of a discovery blockade. The Court just recently denied a motion to strike infringement contentions because it would effectively grant summary judgment of non-infringement while fact discovery remained ongoing. The same reasoning applies here.

**Requested Relief:**

Respectfully, the Court should order Samsung to:

(1) Supplement its response to Interrogatory No. 1 ██████

In **February 2021,** Applied Materials' Director of Engineering Keith Miller testified ███████████████ ███████████████████████ ███████████████████████

In **May 2021,** Mr. Miller's declaration confirmed █████ ███████████████████████ ███████████████████████ ███████████████████████

Fact discovery opened in June 2021, after these disclosures. Yet in the 15 months since, Demaray has neither accused nor sought discovery on ███████████. It is too late for Demaray to seek such discovery, let alone amend its contentions to include all-new products based on an infringement theory it swore off.

Although Demaray claims Samsung's recent production of ███████████ matters here, it does not: that production did not relate to ███████████ and Demaray does not explain how it provided any pertinent new information. Demaray's reference to Samsung's alleged "configuration" is misleading; as Demaray knows, Samsung ███████████████████ ███████████████████████ ███████████████. See Case 5:20-cv-9341, ECF 38, at 1. Regardless, that is no excuse for Demaray's failure to seek timely discovery on ███████.

**Third**, allowing this discovery would severely prejudice Samsung. While Samsung reserves all rights to

3



The Court, after having reviewed the parties' respective submissions and heard the parties' positions on September 14, 2022, **DENIES** Plaintiff's requested relief.

In addition, as discussed at the hearing, the parties shall submit a proposed Joint Motion to Modify the Scheduling Order that includes a September 11, 2023 trial date.

**IT IS SO ORDERED**.

SIGNED this 22nd day of September, 2022.

By: _____
HON. ALAN D. ALBRIGHT
UNITED STATES DISTRICT COURT JUDGE