IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DEMARAY LLC,**<br>*Plaintiff*<br><br>-v-<br><br>**SAMSUNG ELECTRONICS CO., LTD. (A KOREAN COMPANY), SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC,**<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **6:20-CV-00636-ADA** |

### NOTICE OF TRIAL PROCEDURES

In anticipation of the upcoming jury trial, the Court notifies the parties of the following trial procedures.

### I.   GENERAL TRIAL PROCEDURES

**A.  Jury Selection**

Jury Selection will begin at 9:00AM, February 9, 2024 in Courtroom 3 which will be on the second floor in the United States District Court, 800 Franklin, Waco, Texas 76701. Judge Gilliland will conduct voir dire and hold a pre-voir dire conference as indicated in a separate order.

Seven jurors will be selected for this trial. Each party will have four peremptory strikes. The Court will provide the parties an opportunity to do a general and individual *voir dire* at the Court's discretion. The Court will provide the parties with a diagram of the room that identifies the jurors and their seat assignments.

### B. Trial

Trial will begin at 9:00 AM, February 12, 2024, in Courtroom #1 in the United States District Court, 800 Franklin, Waco, Texas 76701. The parties shall jointly provide notebooks to the jurors on the first day of trial before the trial begins. The notebooks shall be provided to a Court staff, who will deliver the notebooks to the jurors.

Each party will have 11 hours of trial time. Each party's first 30 minutes of opening arguments and first 30 minutes of closing arguments will not be counted towards the party's allocated trial time. A party may not reserve trial time for closing—30 minutes is the limit. Trial should be complete by that Friday (five days) and may require earlier start and later end times each day, as the Court deems necessary.

If necessary, the Court may take a short recess from the trial to conduct any bench conferences and resolve any issues in the absence of the jury. If a party raises a dispute for the Court to resolve outside the presence of the jury, that time will count towards the party against whom the Court resolves such issue.

The parties shall use electronic exhibits for any exhibit displayed and/or given to the jury, unless providing or displaying an exhibit electronically is impractical or restricted under the protective order. For the sake of clarity, any witness, counsel, staff, and the Court may each have his or her own set of physical exhibits. However, physical exhibits will not be passed to the jury absent approval by the Court.

### C. Public Access

Seating will remain available to the public in the courtroom. However, a webinar feed will **NO LONGER** be made available to the public. The Judicial Conference of the United States has adopted a policy (effective September 22, 2023) which only permits public live audio access to non-trial proceedings that do not involve witness testimony.

### D. Video Access for Party-Affiliated Individuals

A live video feed of the trial proceedings will be provided to party-affiliated individuals to accommodate any party-affiliated individuals who choose to observe the trials remotely and any witnesses who choose to testify remotely. This live feed may be accessed by the following party-affiliated individuals outside of the Courthouse:

a) The parties' outside counsel, staff, and consultants;

b) The parties' in-house counsel disclosed under the Protective Order;

c) Witnesses on either party's witness list to the extent permitted under the Protective Order and Pre-trial Order. A fact witness (other than a designated corporate representative) may not observe the testimony of other witnesses until after that witness has completed his/her testimony and has been excused by the Court. Expert witnesses and corporate representatives may observe the testimony of other witnesses before they testify—although corporate representatives may be precluded from observing certain sealed testimony because of confidentiality reasons.

If any witness of either party chooses to testify remotely during the trial, the party shall work with the Court's IT staff to make any arrangement such that the witness can testify remotely using the Court's Zoom platform.

### E. Remote Participation Decorum

Remote trial participants and observers should silence electronic devices other than the devices necessary to their remote participation, close unnecessary computer programs or applications (such as email or calendar notifications), and take steps to remove or minimize anything in their remote workspace that might distract from the integrity of the proceedings. Remote participants and observers who will not be testifying or presenting matters during the

proceedings shall mute their microphones and deactivate their cameras. Participants and observers using multiple devices in a single workspace to access the trial should avoid audio feedback issues by using the microphone and speakers on only one device at a time, or by using headphones.

The Court requires all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial. Anyone appearing virtually shall dress in the same manner as they would if they physically appeared in the courtroom. Remote trial participants and observers should conduct themselves in the same way they would if they were physically present in the courtroom.

**IT IS SO ORDERED**.

SIGNED this 8th day of February, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE