UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DEMARAY LLC,<br><br>                 Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. (A KOREAN COMPANY), SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR LLC,<br><br>                 Defendants. | CASE NO. 6:20-cv-00636-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>■■■■■■■■■■<br><br>REDACTED PUBLIC VERSON |

**DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION OF DEMARAY'S MOTION TO STRIKE SAMSUNG'S INVALIDITY THEORIES BARRED BY IPR ESTOPPEL**

I.      INTRODUCTION

Demaray's third attempt to preclude Samsung from presenting obviousness combinations based on prior art systems, including those that the supplier of the Accused Products (Applied Materials) developed and used years before Demaray's alleged invention, again fails.[1] Demaray does not identify a single new fact to warrant reconsideration. Instead, Demaray relies on the Federal Circuit's decision in *Weber, Inc. v. Provisur Techs., Inc.*, No. 2022-1751, 2024 WL 481266 (Fed. Cir. Feb. 8, 2024). But *Weber* did not change the law on IPR estoppel, and instead reaffirmed that mere cites to designations on documents suggesting confidentiality is insufficient to avoid IPR estoppel. Here, the Vectra PVD chamber product art is easily distinguishable from the documents in *Weber*: (1) ███████████████████████████████████████████████████████████████████████████████████████████, (2) the Vectra PVD chamber product art also encompasses Applied's highly confidential ████████████████████ and (3) Samsung's invalidity opinions rely on confidential documents of third party suppliers. The Court should deny Demaray's motion for reconsideration.

II.     ARGUMENT

"The Supreme Court has stated that courts should not revisit its prior decisions 'in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *ATD Combusters, LLC v. Ameritube, LLC,* No. 6-18-CV-77-ADA, 2019 WL 4087491 at *1 (W.D. Tex. July 3, 2019) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). These circumstances are far from present here.

---

[1] Demaray first attempt to preclude this product prior art was in the *Intel* case, s*ee Demaray LLC v. Intel Corp.*, Case No. 6:20-cv-634-ADA, Dkt. 372, and its second attempt was earlier in this case (Dkt. 378). The Court denied both of those motions. *Demaray LLC v. Intel Corp.*, Case No. 6:20-cv-634-ADA, Dkt. 456 at 2; Dkt. 478 at 2.

Demaray reliance on *Weber* as an extraordinary circumstance justifying reconsideration of this Court's order is misplaced. Demaray fails to identify any inconsistency between *Weber* and the Federal Circuit's previous rulings on this issue. In fact, *Weber* reinforces the fact that the Court's prior rulings on this issue were correct. Demaray ignores key portions of the decision in its selective quotation of *Weber* to attempt to match the facts here. In *Weber*, the Court took issue with the "the [] inordinate emphasis on alleged confidentiality restrictions" because it was only based on "the operating manuals' copyright notice" and an "intellectual property rights clause." *Weber*, 2024 WL 481266 at *5. Further, customers in *Weber* who were re-selling the products at issue were "expressly instructed" to transfer their operating manuals to purchasers. *Id.* Contrary to Demaray's assertion, the facts here do not "match almost exactly the facts in *Weber*." Dkt. 488 at 3.

In this case, Applied Materials places significantly stricter restrictions on its materials to maintain confidentiality of its technology. First, Applied Materials provided the chamber manuals to ▇▇▇ and other customers (1) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and (2) with an expectation that the documents would be treated as containing confidential information—*e.g.*, by expressly indicating on the face of the manuals that they were ▇▇▇▇▇▇▇▇▇▇ Dkt. 397-4 (Deane Dep.) 150:22-151:14 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2

███████████████████████████████████████████████████████

████████ Dkt. 397-13 (3/17/2023 Forster Dep.) 321:12-19 ████████

████████████████████████████████████████████████

████████████████████████████; *see also* Dkt. 397 (Samsung Opposition to original motion) (detailing Applied's practices used to protect its confidential material). The strict confidentiality restrictions placed on the Applied Materials' chamber manuals are nothing like lenient "restrictions" of the documents described in *Weber*. Therefore, even under *Weber*, Applied Material's chamber manuals are still not printed publications subject to IPR estoppel.

Even if the chamber manuals are printed publications under *Weber*—they are not—Demaray ignores that Samsung's invalidity theories are also based on additional confidential materials that were not available during the IPRs. Samsung's technical expert, Dr. John Bravman, relies on not only the confidential chamber manuals but also Applied Materials's highly confidential ████. *See e.g.* Dkt. 397-2 (Bravman Rpt.) ¶ 201. And Demaray does not and has never disputed that Applied Materials' ████ are highly confidential and were not available during the IPRs. Applied Materials' ████ can only be viewed on secure computers, such as those that contain source code, with restrictive access, and they have been marked as "OUTSIDE COUNSEL EYES ONLY – PROCESS RECIPE." Dr. Bravman also relies on highly confidential schematics produced by third parties for the "pulsed DC power supply" limitation. *See, e.g.*, Dkt. 397-2 (Bravman Rpt.) ¶ 1045 (citing highly confidential third party Advanced Energy schematics). Demaray ignores these documents because they are another independent reason that IPR estoppel does not apply. *Microchip Tech. Inc. v. Aptiv Servs. US LLC*, No. 1:17-CV-01194-JDW, 2020 WL 4335519, at *4 (D. Del. July 28, 2020) (holding IPR estoppel does not estop "references based on physical prior art, whether standing alone or in combination with a printed reference").

3

### III. CONCLUSION

Demaray has not met its high burden to show extraordinary circumstances that warrant the Court reconsidering its Order denying Demaray's Motion to Strike Samsung's Invalidity Theories Barred By IPR Estoppel (Dkt. 478 at 2). The Court should deny the Motion in its entirety.

Dated: February 7, 2024

John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Yung-Hoon Ha (*pro hac vice*)
yha@desmaraisllp.com
Cosmin Maier (*pro hac vice*)
cmaier@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Respectfully submitted,

*/s/ Kat Li*

Adam R. Alper (*pro hac vice*)
adam.alper@kirkland.com
Akshay S. Deoras (*pro hac vice*)
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Michael W. De Vries (*pro hac vice*)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400

Sharre Lotfollahi (*pro hac vice*)
sharre.lotfollahi@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200

Leslie Schmidt (*pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-4800

Kat Li
Texas State Bar No. 24070142
kat.li@kirkland.com
KIRKLAND & ELLIS LLP
401 Congress Ave.
Austin, TX 78701
Telephone: (512) 678-9100

Attorneys for Defendants, Samsung Electronics Co., Ltd., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., and Samsung Semiconductor, Inc.

**CERTIFICATE OF SERVICE**

  I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on February 11, 2024 with a copy of this document via email.

/s/ *Kat Li*
Kat Li